**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CLARK IRIZARRY,,**

      **Plaintiff,**

**-vs-**              **Case No. 6:09-cv-1491-Orl-31DAB**

**GLOBAL SERVICES USA, LLC, ,**

      **Defendant.**
_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **MOTION FOR DEFAULT JUDGMENT (Doc. No. 12)**
>
> **FILED:**    **November 4, 2009**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff sued Defendant for unpaid overtime wages he earned as an hourly paid security employee, as well as attorney's fees and costs, pursuant to the Fair Labor Standards Act (29 U.S.C.A. § 201, *et seq.,* herein "the FLSA"). Doc. No. 1. Following service of process (Doc. No. 9) on September 2, 2009, Defendant failed to appear and Plaintiff moved for entry of a clerk's default (Doc. No. 10) on October 2, 2009. A default was entered on October 5, 2009. Doc. No. 11. Plaintiff now moves for a default judgment for unpaid overtime wages owed and costs incurred, and has filed supporting Affidavits (Doc. No. 12); the matter is ripe for resolution.

The Court finds that Defendants' failure to timely respond to the Complaint and subsequent entry of default served to admit the well pled allegations of the Complaint. Plaintiff was employed by Defendant Global Services USA, LLC from January 22, 2009 to June 22, 2009 as an hourly security employee. Doc. No. 12-2 ¶ 4. Plaintiff has personal knowledge that the corporate defendant had gross earnings of more than $500,000 per year (*see* Doc. No. 12-2 ¶ 6); thus, Defendant falls within the definition of an enterprise covered by the FLSA, as defined by 29 U.S.C. §203(r) and 203 (s)(A)(ii) (defining a covered enterprise as one whose gross volume of sales made or business is not less than $500,000 annually).

Under the FLSA, an employer must pay one and one-half times the employee's regular rate for all hours worked in excess of forty hours per work week. 29 U.S.C. § 207(a). During his employment, Plaintiff's regular rate of pay was $10.00 per hour. Doc. No. 12-2 ¶ 4. Plaintiff worked an average of 12 hours of overtime per week for 21 weeks from January 22, 2009 through June 22, 2009, for which he was paid straight time from Defendant, for 252 total hours time $5.00 (half-time) and $1,260 owed. *Id.* ¶ 5. As Defendant has defaulted, the Court finds that Plaintiff is entitled to the entry of judgment on the issue of liability for overtime wages in the amount of $1,260.00 and liquidated damages of an equal amount, for a total of $2,520.

In FLSA suits for unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Plaintiff seeks to recover only $440 for costs, to which counsel is entitled, for the filing and service of process fees. Plaintiff has decided to forego any request to recover attorney's fees.

In view of all of the foregoing, it is **respectfully recommended** that final judgment be entered in Plaintiff's favor against Defendant Global Services USA, LLC in the amount of **$2,520** in damages, and **$440** in costs.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 19, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy